IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GILBERT FLORES ARGUMANIZ #770496, Petitioner, | § § § § | |
| v. | § | 3:11-CV-0175-O (BK) |
| | § | |
| RICK THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Div., Respondent. | § § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
<u>**OF THE UNITED STATES MAGISTRATE JUDGE**</u>

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred for findings, conclusions, and recommendation.

**I. BACKGROUND**

Petitioner, a state prisoner, filed a *pro se* Motion for Authorization to File a Second 28 U.S.C. § 2254 Habeas Petition. Attached to the Motion, Petitioner submits a motion to proceed *in forma pauperis* and a proposed habeas petition. The Court did not issue process in this case pending preliminary screening.

Petitioner was convicted of murder and punishment was assessed at ninety-nine years' imprisonment. *State v. Argumaniz*, No. F96-02383-UL (Fifth Crim. Dist. Court, Dallas County), *aff'd*, No. 05-96-01994-CR (Tex. App. – Dallas 1998, pet. ref.). Petitioner unsuccessfully challenged his conviction in state and federal habeas corpus proceedings. *See Argumaniz* v. *Cockrell,* No. No. 3:02-CV-1735-G (N.D. Tex. 2003) (habeas relief dismissed as time barred), *certificate of appealability denied*, No. 03-10576 (5th Cir. 2003).

In the present action, Petitioner again seeks to challenge his murder conviction, alleging actual innocence on the basis of newly discovered evidence.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. *See* 28 U.S.C. § 2244(b). In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2).

Before a petitioner may file his application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals has first granted the petitioner permission to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (*per curiam*); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (section 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing the Court to consider the successive petition in this case. Petitioner must obtain such an order before he can file a second petition for habeas relief under section 2254 challenging his underlying criminal conviction. Therefore, his motion should be transferred to the United States

Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

### III. RECOMMENDATION

For the foregoing reasons, the District Court should **TRANSFER** the Motion for Authorization to File a Second 28 U.S.C. § 2254 Habeas Petition (Doc. 1) to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

SIGNED January 28, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE